1
2
3
4
5
6
7

8        **UNITED STATES DISTRICT COURT**

9        **EASTERN DISTRICT OF CALIFORNIA**

10

11   MARIO E. GARCIA,                          ) Case No.: 1:13-cv-01949-AWI-SAB (PC)
                                               )
12              Plaintiff,                     ) ORDER FINDING PLAINTIFF ACTED IN
                                               ) BAD FAITH AND IMPOSING MONETARY
13       v.                                    ) SANCTIONS IN THE AMOUNT OF $250.00 ON
                                               ) PLAINTIFF
14   SIX UKNOWN AGENTS, et al.,                )
                                               ) (ECF No. 1)
15              Defendants.                    )
                                               ) FORTY-FIVE DAY DEADLINE
16   _____  )

17          To date, Plaintiff Young Yil Jo has filed over one-hundred fifty civil cases in this district.  The

18   complaint filed in this action is not signed and it sets forth no intelligible claims for relief, and fails to

19   state any cognizable claims under federal law.  Ashcroft v. Iqbal, 556 U.S. 662, 677-668 (2009); Bell

20   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Federal courts, as all courts, are for the serious

21   presentation of cases in which litigants wish to have their matters heard.  Plaintiff is not one who takes

22   his claim with any serious indication that he intends to pursue a righteous claim.

23          On June 12, 2013, the Court issued an order finding that Plaintiff acted in bad faith and

24   imposed monetary sanctions in the amount of $100.00 in a separate frivolous complaint filed by

25   Plaintiff in Young Yil Jo v. Six Unknown Names Agents in case number 1:13-cv-00837-AWI-SAB,

26   ECF No. 2.  The Court cited to a previous frivolous complaint filed by Plaintiff in Pak v. Six

27

28

                                                     1

Unknown Names Agent in case number 1:13-cv-00750-AWI-SAB, in which Plaintiff was forewarned that monetary sanctions would be imposed for filing frivolous complaints.

The Court also issued a findings and recommendations, in case number 1:13-cv-00837-AWI-SAB, recommending to dismiss the action with prejudice as frivolous.  (Id., ECF No. 3.)  The findings and recommendations were adopted in full on August 21, 2013, and the action was dismissed.

Plaintiff has previously been informed on numerous occasions that he may be monetarily sanctions for filing frivolous claims without basis in law or fact.  See 1:13-cv-00750-AWI-SAB, ECF No. 2 ("Plaintiff is further forewarned that filing a complaint based upon facts and law that have no reasonable basis may result in further sanctions, including but not limited to an order to pay a penalty to the Court."), 1:13-cv-00837-AWI-SAB, ECF No. 2.  Plaintiff failed to heed the Court's warning and filed this similar frivolous claim.

This Court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).  The imposition of sanctions under the Court's inherent authority is discretionary.  Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1995).  A court's inherent powers "are governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  Chambers, 501 U.S. at 43.  Such inherent power "is not a broad reservoir of power, ready at an imperial hand, but a limited source; and implied power squeezed from the need to make the court function."  Id. at 42.  "Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion."  Roadway Express, Inc., 447 U.S. at 764.

The Court's "inherent power 'extends to a full range of litigation abuses.'"  Fink, 239 F.3d at 992 (quoting Chambers, 501 U.S. at 46-47.)  However, in order to sanction a litigant under the Court's inherent powers, the Court must make a specific finding of "bad faith or conduct tantamount to bad faith."  Fink, 239 F.3d at 994.  Although mere recklessness is insufficient to support sanctions under the Court's inherent powers, "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose" is sufficient.  Id. at 993-994.  A litigant may be

sanctioned for acting for an impoper purpose, even if the act was "a truthful statement or nonfrivolous argument or objection."  Id. at 992.

Here, Plaintiff's constant bad faith filings requires members of the clerk's office who are limited in staffing with increased responsibilities due to budget constraints, to process plaintiff's numerous frivolous filings.  Further, Plaintiff's claim delays this Court from addressing matters brought in federal court in good faith.  The entire Court's time is better spent addressing matters brought in good faith.  See Snyder v. I.R.S., 596 F.Supp. 240, 252 (N. D. Ind. 1984) ("[T]he doors of this courthouse are open to good faith litigation, but abuse of the judicial process . . . will not be tolerated.").  Similarly, Plaintiff's constant frivolously filings will not be tolerated.

Accordingly, the Court finds that Plaintiff filed this complaint in bad faith without any basis in law or fact.  Plaintiff received notice in this Court's previous findings and recommendations that the filing of such complaints may result in monetary sanctions.

Based on the foregoing,

IT IS HEREBY ORDERED that:

1.      Plaintiff is assessed monetary sanctions in the amount of $250.00 for filing a frivolous claim in bad faith;

2.      The sanction amount shall be paid to the Court within forty-five (45) days from the date of service of this order; and

3.      The failure to pay the sanction in accordance with this order may result in the imposition of additional sanctions.

IT IS SO ORDERED.

Dated:   **December 6, 2013**

UNITED STATES MAGISTRATE JUDGE

3